# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PULIDO, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00209-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY *IN FORMA PAUPERIS* STATUS SHOULD NOT DENIED**<br><br>**(Docs. 1, 2)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Kasey F. Hoffman, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on February 9, 2018. On that same date, Plaintiff filed an application to proceed *in forma pauperis*, which is before the Court. (Doc. 2.)

**A.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**B.　DISCUSSION**

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of three of Plaintiff's prior lawsuits:

(1) *Hoffmann v. Jones*, 2:15-cv-01735-MCE-KJN, dismissed as duplicative[1] of 2:15-cv-1729 CKD P on September 28, 2015; (2) *Hoffmann v. California Correctional Health Care Services et al.*, 2:16-cv-01691-MCE-AC, dismissed for failure to state a cognizable claim on April 19, 2017; and (3) *Hoffmann v. Growden et al.*, 2:15-cv-01431-EFB, dismissed for failure to state a cognizable claim on May 4, 2017.

The Court notes that the Magistrate Judge dismissed *Hoffmann v. Growden et al.*, 2:15-cv-01431-EFB, based solely on Plaintiff's consent under 28 U.S.C. §636(c)(1). The Ninth Circuit recently held that magistrate judges do not have jurisdiction over a case until all parties (both served and unserved) have consented to magistrate judge jurisdiction. *Williams v. King,* 875 F.3d 501 (9th Cir. 2017). "An error in interpreting a statutory grant of jurisdiction is not, however, equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity." *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984) (citing *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 376-77 (1940). The dismissal of Plaintiff's prior case by the Magistrate Judge is still properly counted as a strike for purposes of the PLRA since it has become final. *See Chicot,* at 376-77 (holding that decision errantly entertained under jurisdiction conferred by statute that was subsequently declared invalid could "not be assailed collaterally") and at 375 (holding parties who had the opportunity to raise the question of invalidity of jurisdiction are bound by rulings thereunder because they failed to raise it) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876); *Case v. Beauregard*, 101 U.S. 688, 692 (1879); *Baltimore Steamship Co. v. Phillips*, 274 U.S. 316, 319, 325 (1927); *Grubb v. Public Utilities Commission*, 281 U.S. 470, 479 (1930))).

All of Plaintiff's actions noted above were dismissed before February 9, 2018, when Plaintiff filed the present action. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless at the time the Complaint was

---

[1] Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See e.g., Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995); *McWilliams v. State of Colo*., 121 F.3d 573, 574 (10th Cir.1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

filed, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's Complaint in this action and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges he was denied Kosher meals, his religious rights were violated, and that he was subjected to a retaliatory disciplinary hearing because he complained about the violations of his religious rights. These allegations do not establish that Plaintiff was placed under imminent danger of serious physical injury. Further, since Plaintiff alleges that the false disciplinary hearing caused a forfeiture of good-time credits, he must comply with the favorable termination rule before he may proceed on the claim regarding the retaliatory disciplinary hearing in an action under § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997); *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc), *cert denied*, (U.S. Jan. 9, 2017) (No. 16-6556).

Based on the foregoing, Plaintiff is precluded from proceeding *in forma pauperis* in this action. *Andrews*, 493 F.3d at 1056-57.

**C.**     **ORDER**

Accordingly, it is HEREBY ORDERD to that **within twenty-one (21) days** of the date of service of this order, Plaintiff must show cause why recommendation should not issue to deny Plaintiff's *in forma pauperis* application and to dismiss this action without prejudice to refiling with prepayment of the full filing fee.

IT IS SO ORDERED.

Dated:  **February 15, 2018**                    /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE