# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KASEY F. HOFFMAN,** | CASE NO. 1:18-CV-0209 AWI SKO (PC) |
| Plaintiff | |
| v. | ORDER DISMISSING MATTER FOLLOWING ORDER TO SHOW CAUSE |
| **L. PULIDO, et al.,** | |
| Defendants | (Doc. No. 7) |

Plaintiff is a state prisoner proceeding pro se in this 42 U.S.C. § 1983 civil rights action. On February 15, 2018, the Magistrate Judge issued an Order To Show Cause ("OSC"). See Doc. No. 7. The Magistrate Judge determined that: Plaintiff was a 3-strikes litigant under 28 U.S.C. § 1915(g), the complaint did not demonstrate imminent danger, and Plaintiff should show cause why his motion to proceed *in forma pauperis* should not be denied and this case dismissed without prejudice to refiling and paying the filing fee. See id. Plaintiff was given twenty-one days to show cause. See id. More than twenty-one days have passed, and Plaintiff has not responded.

The Court has reviewed Plaintiff's complaint, his motion to proceed *in forma pauperis*, and the OSC. The OSC found that Plaintiff's complaint does not allege imminent danger because Plaintiff is complaining about a lack of kosher meals and a retaliatory disciplinary hearing. The Court agrees. The OSC also counted as one of Plaintiff's three strikes a dismissal by a magistrate judge (*Hoffman v. Growden*, 2:15-cv-1431 EFB ("*Growden*")), even though at the time of dismissal, unserved defendants had not consented to magistrate judge jurisdiction. As explained below, the Court agrees with this conclusion as well.

**I.** *Williams v. King*, 875 F.3d 501 (9th Cir. 2017)

On November 9, 2017, the Ninth Circuit Court of Appeals addressed the issue of whether a magistrate judge may dispose of a civil case without the consent of unserved defendants. See Williams v. King, 875 F.3d 500, 501 (9th Cir. 2017). *Williams* recognized that "[m]agistrate judges exercise jurisdiction in accordance with 28 U.S.C. § 636." Id. at 502. *Williams* examined the definition of "party" as found in various cases and the 1979 edition of Black's Law Dictionary, and concluded that all plaintiffs and all defendants who are named in a complaint are "parties," irrespective of whether they have been served. See id. at 503. *Williams* then noted that § 636(c)(1) requires the consent of all parties without limitation, and that § 636 implemented procedural safeguards for the parties, including informing the parties that withholding consent will not result in adverse consequences and requiring procedures to insure the voluntariness of consent. Id. at 503-04. The Ninth Circuit found that § 636 permitted an objecting party to prevent jurisdiction from vesting with a magistrate judge upon objection. See id. at 504. The Ninth Circuit concluded that "jurisdiction cannot vest [in the magistrate judge] until the court has received consent from all parties to an action." Id. The Ninth Circuit also noted that this conclusion was consistent with the recent Seventh Circuit opinion *Coleman v. Labor & Industry Review Comm'n*, 860 F.3d 461 (7th Cir. 2017). The Ninth Circuit also rejected a contrary opinion by the Fifth Circuit in *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995) as having insufficient analysis, and rejected several contrary conclusions by several district courts as being non-binding and having relied on *Neals*. See id. at 504-05. Upon establishing this rule that consent from unserved parties is necessary, the Ninth Circuit reversed the dismissal in *Williams* because the magistrate judge had done so only upon the consent of the plaintiff, and without the consent of unserved defendants. See id. at 505.

The OSC recognized that, after *Williams*, there is a question about whether to treat as a strike a dismissal by a magistrate judge in the absence of all parties' consent. Specifically, since *Williams* holds that magistrate judges do not have jurisdiction over a case until all parties (served and unserved) have consented, are the prior dismissals by magistrate judges that were entered without the consent of unserved defendants sufficiently void that they cannot count as strikes?

**II.     Legal Considerations**

    1.     Determination Of A Strike

In assessing whether to grant *in forma pauperis* status to a prisoner, of necessity, a court must review prior dismissals to some degree. The PLRA's strike provision (28 U.S.C. 1915(g)) may be "used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious, or failed to state a claim." El-Shaddai v. Zamora, 833 F.3d 1036, 1041-42 (9th Cir. 2016 ) (quoting Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)). In determining whether a prior dismissal "counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (quoting El-Shaddai, 833 F.3d at 104).

There appears to be an absence of any Ninth Circuit authority that dictates a review of anything other than determining that the prior dismissal was because the case was frivolous, malicious, or failed to state a claim. That is, there does not appear to be a case that directs lower courts to also determine whether the "dismissing court" had jurisdiction to dismiss and create a strike. Instead, the test is an examination of what rationale was invoked within the dismissal order. See Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011) (reviewing the language of the dismissal order and determining that the order was not based on failing to state a claim or being malicious or frivolous).[1] Application of *Andrews*, *El-Shaddai*, *Harris*, and *Moore* would thus seem to limit the lower court's review to one question: was the dismissal because the complaint was frivolous, malicious, or failed to state a claim. Determining the dismissing court's jurisdiction seems outside the bounds of the mandated "strike" analysis.

    2.     General Prohibition Of Collateral Attack On Final Judgment

"Although judgment may be dismissed on direct review, it may not be attacked for lack of

---

[1] *Moore* held that a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction is not a strike because such a dismissal does not speak to whether the complaint was malicious, frivolous, or failed to state a claim. See Moore, 657 F.3d at 893-94. The analysis in *Moore* focused on the language of the dismissal order used by the dismissing court; it did not independently determine whether the dismissing court actually had subject matter jurisdiction. See id. at 895.

subject matter jurisdiction in a collateral proceeding."[2] Snell v. Cleveland, Inc., 316 F.3d 822, 827 (9th Cir. 2002); see also Sandpiper Vill. Condo. Ass'n v. La.-Pacific Corp., 428 F.3d 831, 841 n.13 (9th Cir. 2005) ("We reject Lester's implied collateral attack on subject matter jurisdiction over the class action itself."); City of S. Pasadena v. Mineta, 284 F.3d 1154, 1157 (9th Cir. 2002) ("Even objections to subject matter jurisdiction – which may be raised at any time, even on appeal – must be raised while the lawsuit is still pending; they may not be raised for the first time by way of collateral challenge in a subsequent action."). "A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment." Insurance Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982); United States v. Van Cauwenberghe, 934 F.2d 1048, 1059-60 (9th Cir. 1991);[3] see also Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1142 (9th

---

[2] "A direct attack on a judicial proceeding is an attempt to correct it, or to void it, in some manner provided by law to accomplish that object. It is an attack . . . by appropriate proceedings between the parties to it seeking, for sufficient cause alleged, to have it annulled, reversed, vacated or declared void." Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir. 1985). Moore's Federal Practice describes a "collateral attack" as follows: "While a direct attack on a judgment involves a motion or an independent action brought specifically for the purpose of seeking relief from the judgment, a collateral attack is an attack on the validity of a judgment made as part of an action seeking other relief." 18 Moore's Federal Practice - Civil § 131.02 (2017).

[3] *Van Cauwenberghe* held that the plaintiff, who had suffered an adverse ruling from the district court regarding jurisdiction, was precluded from collaterally challenging the district court's jurisdiction by the doctrine of *res judicata* as the issued had been expressly litigated. Van Cauwenberghe, 934 F.2d at 1060. Citing cases from the Second, Third, and Seventh Circuits, as well as *Chicot Cnty Dist. v. Bank*, 308 U.S. 371 (1940), *Van Cauwenberghe* stated that it expressed "no opinion on whether principles of *res judicata* would preclude [plaintiff] from challenging subject matter jurisdiction in [the] civil suit if he had not litigated this issue by his motion to dismiss." Van Cauwenberghe, 934 F.2d at 1060 n.7. This footnote does not change this Court's agreement with the OSC that *Growden* remains a strike after *Williams*. First, *Growden* occurred once Plaintiff consented to magistrate judge jurisdiction. Plaintiff was informed of 28 U.S.C. § 636 and the ability of the magistrate judges to act. Only upon receiving consent did the magistrate judge act, and Plaintiff clearly could have objected if there was a problem. Thus, at a minimum there was a tacit or implicit determination of jurisdiction by the magistrate judge, see Yanow v. Weyerhaeuser S.S. Co., 274 F.2d 274, 277 (9th Cir. 1959) (en banc) ("Every court in rendering a judgment, tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter." ) (quoting Stoll v. Gottlieb, 305 U.S. 165, 171-72 (1938)); Nemaizer v. Baker, 793 F.2d 58, 66 (2d Cir. 1986) (finding that a court's implicit jurisdictional determination was not subject to collateral attack), as well as on opportunity for Plaintiff to object. See Insurance Corp., 456 U.S. at 702 n.9; City of S. Pasadena, 284 F.3d at 1157. This sequence presumably would be the same in any other similar dismissal by a magistrate judge, and would not be unique to *Growden*. Second, there is significant authority from other circuits and the Supreme Court that indicates the absence of actual litigation on jurisdictional issues is irrelevant. E.g. Chicot Cnty. Dist. v. Bank, 308 U.S. 371, 377-78 (1938) (suggesting that actual litigation is not necessary once a final judgment was reached); Corbett v. MacDonald Moving Servs., 124 F.3d 82, 88-89 (2d Cir. 1997) (indicating that a party need only have an opportunity to litigate the jurisdictional issue, not that the issue actually be litigated); Chemical Leaman, 177 F.3d at 219 (noting absence of actual litigation is irrelevant); 18 Wright & Miller § 4428 (2017 ed.) ("It seems clear that federal court judgments are binding notwithstanding a simple lack of subject matter jurisdiction, without regard to whether the jurisdictional question was litigated or appealed."). Third, *City of S. Pasadena* stated that a jurisdictional objection cannot be raised for the first time on a collateral attack. See City of S. Pasadena, 284 F.3d at 1157. This indicates that the failure to object or litigate will still result in a bar to raising the

4

Cir. 2002) (quoting parenthetically the *Insurance Corp.* language through citation to Corbett v. MacDonald Moving Servs., 124 F.3d 82, 88-89 (2d Cir. 1997); Chemical Leaman Tank Lines v. Aetna Cas. & Sur. Co., 177 F.3d 210, 219-20 (3d Cir. 1999) ("The general rule is that where non-waivable subject matter jurisdiction is lacking but not raised, a final judgment has res judicata effect in a subsequent proceeding, and a collateral attack based on the want of subject matter jurisdiction is barred. . . . The logical corollary to this general rule is the rule that as long as a case is pending, the parties or the court on its own motion may raise the issue of federal court jurisdiction at any stage of the proceedings."); Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986)) ("[I]f the parties could have challenged the court's power to hear a case, then res judicata principles serve to bar them from later challenging it collaterally.") (citing Chicot Cnty Dist. v. Bank, 308 U.S. 371, 378 (1940)); Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir. 1985) ("While it is true that these cases provide that res judicata bars a collateral attack on a final judgment . . . ."). "Every court in rendering a judgment, tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter." Yanow v. Weyerhaeuser S.S. Co., 274 F.2d 274, 277 (9th Cir. 1959) (en banc) (quoting Stoll v. Gottlieb, 305 U.S. 165, 171-72 (1938)). Thus, a "district court's express or implicit determination that it has jurisdiction is open to direct review, but it is res judicata when collaterally attacked." Baella-Silva v. Hulsey, 454 F.3d 5, 9 (1st Cir. 2006).

As applied to the strikes determination in this case, the OSC reviewed prior dismissals from other cases, including *Growden*. The case at bar is separate from the Plaintiff's past dismissed cases, and Plaintiff is attempting here to vindicate violations of his civil rights through monetary and injunctive relief. That is, the purpose of this case is not to attack prior dismissals, it is to obtain monetary and injunctive relief for a separate violation of rights. Thus, any attack on

---

jurisdictional issue in a collateral proceeding. Fourth, in *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1142 (9th Cir. 2002), the Ninth Circuit relied on and quoted *Insurance Corp.* through a parenthetical citation to *Corbett*. See Stratsosphere, 298 F.3d at 1142 ("SL's contest of the bankruptcy court's jurisdiction is barred by the Official Committee's voluntary consent to it. See . . .; [Corbett], 124 F.3d 82, 88-89 (2d Cir. 1997) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not reopen that question in a collateral attack upon an adverse judgment."). *Corbett* held as part of the cited pages that the Supreme Court in *Chicot County* extended res judicata principles to preclude jurisdictional challenges, even when the jurisdictional issue was not expressly litigated. See Corbett, 124 F.3d at 88-89. Given the posture of *Stratosphere* and its reliance on *Corbett*, *Stratsophere* indicates that the absence of an objection or litigation on jurisdictional issues will not stop application of res judicata principles from barring collateral attacks on the jurisdiction.

the validity of prior cases as part of this case is a "collateral attack" on the validity of the prior dismissals, including *Growden*. See 18 Moore's Federal Practice - Civil § 131.02 (2018). There is no reason to assume that Plaintiff did not have an opportunity to litigate any jurisdictional problems with the magistrate judge's actions in *Growden*. The plaintiff had consented to the magistrate judge performing all functions, and the magistrate judge did not act until that consent was obtained. At a minimum, when the dismissal in *Growden* occurred, there was at least a tacit or implicit determination of jurisdiction by the magistrate judge. See Nemaizer v. Baker, 793 F.2d 58, 66 (2d Cir. 1986); Yanow v. Weyerhaeuser S.S. Co., 274 F.2d 274, 277 (9th Cir. 1959) (en banc). Further, there is no reason why Plaintiff could not have raised any jurisdictional issues relating to the consent of unserved defendants directly to the magistrate judge, a district judge, or to a court of appeals through a timely appeal. Because Plaintiff had the opportunity to litigate jurisdiction in *Growden*, he would be precluded from challenging the validity of *Growden* as part of this case.[4]

3. Collateral Review/Rule 60(b)(4)

Despite the general prohibition against collaterally attacking the jurisdiction of a closed case, there are exceptions to this rule, although "most federal court judgments are res judicata notwithstanding a lack of subject matter jurisdiction." Van Cauwenberghe, 934 F.2d at 1059. A judgment that is "truly void in the fullest sense of that term" and "legally ineffective for any purpose" is subject to collateral attack. Yanow, 274 F.2d at 278; see also Disher v. Info. Res., Inc., 873 F.2d 136, 140 (7th Cir. 1989) (". . . a court without jurisdiction can render a binding judgment on the merits if the judgment is allowed to become final, unless the lack of jurisdiction

---

[4] The Court notes that if the Plaintiff himself could not collaterally challenge *Growden* as part of this case, it is unclear why the court *sua sponte* as part of an *in forma pauperis* determination could take actions that amount to the sustaining of a collateral challenge to a final judgment. A determination that a dismissal was void due to lack of jurisdiction challenges the validity of the dismissal/judgment and permits the *in forma pauperis* court to treat the dismissal as something other than a valid and final order. Such a result appears contrary to Ninth Circuit authority. Cf Snell, 316 F.3d at 825-28 (reversing a district court that *sua sponte* vacated a judgment in a different closed case because jurisdiction had not been properly pled and noting that "At most, the district court might have suggested to the plaintiff in the closed tort action that he could move to amend the complaint in order to correct the record. Such a motion would have been filed in the closed tort action, giving the judge assigned to that action the opportunity to allow leave to amend . . . . Beyond such a suggestion, however, the judge overseeing the new insurance lawsuit was not free to challenge the judgment in the closed tort action.").

6

is so gross that the judgment is deemed void."). "[T]here can be little doubt that if the judgment is void . . . a collateral attack upon the void judgment may be made in any proceeding in any court where the validity of the judgment comes in issue." Collins v. Foreman, 729 F.2d 108, 111 (2d Cir. 1984) (citation omitted); 12 Moore's Federal Practice - Civil § 60.44[1][b] (2017 ed.); see also Yanow, 274 F.2d at 278 & n.7 (citing & quoting 1955 edition of Moore's Federal Practice). However, "determining when a judgment rendered in the absence of subject-matter jurisdiction is 'void' for purposes of collateral attack is an issue of some complexity." Fafel v. DiPaola, 399 F.3d 403, 410 (1st Cir. 2005). "If a judgment is collaterally attacked as void for lack of subject-matter jurisdiction, then, competing policies are at stake, namely, observation of limits on federal jurisdiction and need for judgments that are final." Id. Stated differently, "[t]he principle that jurisdictional defects may be noticed at any time is limited . . . by the equally important principle that litigation must have an end. After a case has become final by exhaustion of all appellate remedies, only an egregious want of jurisdiction will allow the judgment to be undone by someone who, having participated in the case, cannot complain that his rights were infringed without his knowledge." In re Factor VIII or IX Concentrate Blood Prods. Litig., 159 F.3d 1016, 1019 (7th Cir. 1998). Given these policy considerations, there is "a high bar for collaterally vacating a judgment for lack of subject-matter jurisdiction . . . ." Baella-Silva, 454 F.3d at 9. That high bar is essentially the Rule 60(b)(4) standard for granting relief for a void judgment. See id. at 9-10; Fafel, 399 F.3d at 410-11; Nemaizer, 793 F.2d at 65.

"Rule 60 provides the only avenue of relief from final civil judgments other than by appeal or independent action."[5] Lubben v. Selective Serv. Sys. Local Bd., 453 F.2d 645, 648 (1st Cir. 1972). Under Rule 60(b)(4), a court may grant relief from a final judgment upon a showing that

---

[5] Rule 60(d)(1) preserves the remedy of an "independent action" to set aside a judgment. See Fed. R. Civ. P. 60, advisory committee note of 1946. That is, Rule 60(d)(1) "merely preserves whatever power federal courts had prior to the adoption of Rule 60 to relieve a party of a judgment by means of an independent action according to traditional principles of equity." 12 Moore's Fed. Practice – Civil § 60.80 (2018). A Rule 60(d)(1) independent action "may be had only rarely, and then only under unusual and exceptional circumstances." 11 Wright & Miller, Federal Practice & Procedure § 2868 (3d. ed.). That is, an independent action "should be available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998). The general rule is that an "independent action" may be based on fraud, accident, or mistake. See Mitchell v. Rees, 651 F.3d 593, 595 (6th Cir. 2011); National Sur. Co. v. State Bank of Humboldt, 120 F. 593, 599 (8th Cir. 1903); 12 Moore's Fed. Practice – Civil § 60.81 (2018); 11 Wright & Miller, Federal Practice & Procedure § 2868 (3d. ed.).

7

"the judgment is void." "A void judgment is a legal nullity." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010); see also Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). However, in the interest of finality, the concept of void judgments is narrowly construed. Jones, 741 F.2d at 248; Lubben, 453 F.2d at 649. Void judgments from a lack of jurisdiction occur "where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority." Kansas City S. R. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 (8th Cir. 1980); see Wendt v. Leonard, 431 F.3d 410, 413 (4th Cir. 2005); Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir. 2000); see also Jones, 741 F.2d at 248. "[A] plain usurpation of power occurs when there is a 'total want of jurisdiction' as distinguished from 'an error in the exercise of jurisdiction.'" Kansas City R. Co., 624 F.2d at 825; see United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010); Baella-Silva, 454 F.3d at 9; Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir. 2000); Nemaizer, 793 F.2d at 65; see also NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612 (9th Cir. 2016) ("A judgment is void where there is a 'total want of jurisdiction' as opposed to an error in the exercise of jurisdiction.'" (quoting Watts, 752 F.2d at 409)). "[A] judgment is not to be pronounced void merely because the court that entered it may not have had jurisdiction." In re Factor VIII, 159 F.3d at 1019. Therefore, a judgment may be set aside as void for lack of jurisdiction generally "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Espinosa, 559 U.S. at 271; Hawaiian Kingdom v. United States, 633 F. App'x 392, 393 (9th Cir. 2016); DiRaffael v. Cal. Military Dep't, 593 F. App'x 679, 680 (9th Cir. 2015); Metropolitan Edison Co. v. Pennsylvania PUC, 767 F.3d 335, 359 (3d Cir. 2014); Baella-Silva, 454 F.3d at 9-10; Wendt, 431 F.3d at 413; Gschwind, 232 F.3d at 1346; Kocher v. Dow Chem. Co., 132 F.3d 1225, 1230 (8th Cir. 1997). "An error in interpreting a statutory grant of jurisdiction is not, however, equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity." Jones, 741 F.2d at 248; see Gschwind, 232 F.3d at 1346-47; Wendt, 431 F.3d at 413; Kansas City S. R. Co., 624 F.2d at 825; see also Oakes v. Horizon Fin., S.A., 259 F.3d 1315, 1319 (11th Cir. 2001) (". . . a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4).").

Applying the Rule 60(b)(4) standard, it does not appear that the *Growden* dismissal would be "void" within the meaning of Rule 60(b)(4) because there were arguable bases for the magistrate judge to exercise jurisdiction.

First, prior to *Williams*, the Ninth Circuit had not held that the consent of unserved defendants was necessary for a magistrate judge to exercise jurisdiction. However, the Fifth Circuit in 1995 held that a failure of unserved defendants to consent to magistrate jurisdiction did not affect the magistrate judge's entry of judgment where the plaintiff had consented. See Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter."). Further, the Seventh Circuit had issued conflicting decisions. See Coleman v. Labor & Indus. Review Comm'n, 860 F.3d 461, 474-75 (7th Cir. 2017) (discussing Haines v. Washington, 131 F.3d 1248 (7th Cir. 1997) and Geaney v. Carlson, 776 F.2d 140, 142 (7th Cir. 1985) and overruling *Haines*). Thus, the law was at best unclear, but at least one circuit expressly found that magistrate judges have jurisdiction without the consent of unserved defendants.[6]

Second, other lower courts within the Ninth Circuit had followed *Neals* and permitted magistrate judges to enter judgment in the absence of consent from an unserved defendant. E.g. Friend v. National Postal Mail Handlers Union, 2017 U.S. Dist. LEXIS 184644, *4 n.2 (N.D. Cal. Nov. 7, 2017); Alfano v. Farley, 2014 U.S. Dist. LEXIS 57872, *4-*6 (D. Or. Apr. 25, 2014); Lester v. J.P. Morgan Chase Bank, 926 F.Supp.2d 1081, 1085 n.2 (N.D. Cal. 2013); Gaddy v. McDonald, 2011 U.S. Dist. LEXIS 129755, *3 n.2 (C.D. Cal. Nov. 9, 2011); Trujillo v. Tally, 2007 U.S. Dist. LEXIS 8826, *2 (D. Idaho Nov. 30, 2007). Thus, dismissals by magistrate judges were common within the Ninth Circuit, despite the lack of consent from unserved defendants.

Third, it is not clearly unreasonable to argue that the defendants were not "parties" within the meaning of § 636. "A federal court is without personal jurisdiction over a defendant unless the

---

[6] While *Williams* expressly rejected *Neals*, the fact remains that *Neals* is a published circuit court of appeals opinion that supports the actions of the magistrate judges. Only now can it be said that reliance on *Neals* by courts within the Ninth Circuit is improper.

9

defendant has been served in accordance with Fed. R. Civ. P. 4." Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009). Without being served, a defendant need never answer a complaint, participate in the lawsuit, or consent or decline to magistrate judge jurisdiction, and the court could not compel her to do so. The non-served defendant would be a participant in name only. When a "strike" dismissal occurred, the only litigant who had properly appeared before the district court and over whom the district court had exercised jurisdiction would have been the plaintiff, and the plaintiff would have consented to magistrate judge jurisdiction for all purposes. Therefore, at the time of dismissal, a magistrate judge would have determined that the pleading of the only litigant who could have consented and who had consented to magistrate jurisdiction for all purposes, was defective. So viewing the plaintiff as the only party before the court and dismissing his/her complaint does not appear *per se* improper. E.g. Summers v. Arnold, 2017 U.S. Dist. LEXIS 117332, *1 n.1 (C.D. Cal. July 25, 2017) (relying on *Travelers Cas.* to find that an unserved defendant was not a party); Dallas Buyers Club, LLC v. Doe, 2016 U.S. Dist. LEXIS 38957, *4 n.15 (N.D. Cal. Mar. 23, 2016) (same).

In sum, the status of the law prior to *Williams* and the nature of the dismissals at issue show that the magistrate judges in prior final strikes did not utterly usurp jurisdiction and act without any arguable basis for jurisdiction. At worst, strikes like *Growden* represent a good faith error in determining jurisdiction or a misinterpretation of § 636, cf. Williams, 875 F.3d at 502-05 (basing its holding primarily on statutory interpretation and secondarily on citation to *Coleman*), but such errors do not render the dismissals "complete legal nullities." See Wendt, 431 F.3d at 413; Oakes, 259 F.3d at 1319; Gschwind, 232 F.3d at 1346-47; Jones, 741 F.2d at 248; Kansas City S. R. Co., 624 F.2d at 825; cf. United States v. Holtzman, 762 F.2d 720, 724 (9th Cir. 1985) ("An argument can be made that a judgment is void if a court plainly misinterprets the scope of a statutory grant of jurisdiction such that there is a blatant usurpation of power."). Therefore, any form of relief under Rule 60(b)(4), including characterizing an otherwise qualifying judgment/dismissal as void, would appear to be improper.

## III  Conclusion

The OSC counted the dismissal in *Growden* as a strike, even though that dismissal was by a magistrate judge who did not have the consent of unserved defendants. Given the considerations above, the Court agrees and finds no basis to count the *Growden* dismissal at issue as anything other than a valid strike, notwithstanding *Williams*. No basis to avoid application of § 1915(g) is apparent. Because Plaintiff has not alleged that he is in imminent danger, the motion to *proceed in forma pauperis* must be denied. In the absence of *in forma pauperis* status, the Court will follow through on the OSC and dismiss this case without prejudice to refiling with the appropriate filing fee.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to the analysis of this order and the February 12, 2018 Order To Show Cause, this case is DISMISSED without prejudice to refiling with payment of the appropriate filing fee; and
2. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:  March 15, 2018

SENIOR DISTRICT JUDGE