# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>PULIDO, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00209-AWI-SKO (PC)<br><br>**ORDER ON PLAINTIFF'S REPLY TO ORDER TO SHOW CAUSE**<br><br>**(Doc. 12)** |

    Plaintiff, Kasey F. Hoffman, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This action was closed on March 15, 2018 on a finding that Plaintiff was ineligible to proceed *in forma pauperis* and the action was dismissed without prejudice to refiling with payment of the filing fee. (Doc. 10.)

    On March 20, 2018, five day after this case closed, Plaintiff's reply to the order to show cause was docketed. Plaintiff's reply indicates that it was signed on February 28, 2018. Assuming that Plaintiff utilized prison procedures for mailing the reply on or shortly after February 28, 2018, the reply is timely under the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Because the case has been closed, the Court will review the reply to see if the response warrants the vacation of the dismissal order. So viewing the reply, the Court concludes that there is an insufficient basis to vacate the dismissal and reopen this case.

    First, Plaintiff argues that cases which were dismissed without prejudice or with leave to amend should not be counted as a strike under 28 U.S.C. § 1915(g). (Doc. 12, p. 2.) Plaintiff contends that he should not be penalized in future proceedings for "listening to the sound

1

advisement of the sitting judge" and making a "tactical choice" to abandon an action that has been found not to state a claim. (*Id.*) Plaintiff also argues that such a choice "prevents frivolous claims" from "putting undue burden on a strained court system." (*Id.*) Plaintiff asserts that he is unaware of any local or federal rule that requires him to "file a reply to the notice of dismissal for failure to state a claim, with leave to amend." (*Id.*, p. 4.)

The Ninth Circuit has clarified that when dismissal of a prior action is reviewed "to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). More to the point, the Ninth Circuit has rejected Plaintiff's argument. "It also does not matter whether the dismissals were with or without prejudice." Id.; O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008). Two of Plaintiff's prior actions cited in the OSC, *Hoffmann v. California Correctional Health Care Services et al.*, 2:16-cv-01691-MCE-AC and *Hoffmann v. Growden et al.*, 2:15-cv-01431-EFB, were dismissed for failure to state a claim. It matters not whether they were dismissed with or without prejudice, or with or without leave to amend. Harris, 863 F.3d at 1142; O'Neal, 531 F.3d at 1154. Because they were dismissed for failure to state a claim prior to Plaintiff filing this action, *California Correctional Health Care Services* and *Growden* rang the PLRA bell as strikes. Harris, 863 F.3d at 1142.

Second, Plaintiff argues that the third action cited in the OSC, *Hoffmann v. Jones*, 2:15-cv-01735-MCE-KJN which was dismissed as duplicative of 2:15-cv-1729 CKD P on September 28, 2015, should not count as a strike since Plaintiff was apparently released and re-incarcerated[1] before he filed this action. Plaintiff argues that the three strikes "provision would end when the plaintiff exits his period of incarceration." (Doc. 12, p. 3.) Since Plaintiff was once again incarcerated in January of 2016, he appears to argue that the three strikes provision would begin to run anew. (*Id.*)

---

[1] While Plaintiff indicates that he was re-incarcerated in January of 2016, he does not state when he had been released. Plaintiff does not attack the application of 28 U.S.C. § 1915 to either 2:15-cv-01735-MCE-KJN, or 2:15-cv-1729 CKD P, nor could he since he was incarcerated the entire duration of both of those proceedings.

2

Plaintiff's argument is unclear. However, the requirements of subsections (g) and (h) of 1915 explicitly apply to actions brought by one "incarcerated or detained in any facility" by "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violation of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." Since it acknowledges possible violation of conditions of parole, probation, or pretrial release, §1915 encompasses occasions where one has been released from custody and is subsequently re-incarcerated. The docket for *Jones* shows that Plaintiff filed the case and was served papers while housed in the Lassen Community Correctional Facility in Susanville, California. Thus, he was detained under § 1915(g). To the extent that Plaintiff is attempting to argue that his release erases all prior strikes, there is no authority cited for this proposition, and this Court will not be the first to endorse it. Plaintiff has failed to show that *Jones* is not a strike.

Finally, Plaintiff argues that he is pursuing a number of actions whose merit should outweigh those counted as strikes against his *in forma pauperis* application in this case. (Doc. 12, p. 5.) Again, Plaintiff cites no authority for this argument. The plain language of § 1915(g) applies to all prisoner cases and provides no exception based on whether the merits of the other cases outweigh former strikes.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 20, 2018, reply (Doc. No. 12) provides no basis to vacate the March 15, 2018, dismissal; and
2. This case remains CLOSED.

IT IS SO ORDERED.

Dated:  March 22, 2018                    _____
SENIOR DISTRICT JUDGE