UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>    Plaintiff,<br><br> v.<br><br>L. PULIDO, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00209-AWI-SKO (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON RETALIATION AND DUE PROCESS CLAIMS AND TO SEEK ONLY DAMAGES FOR LOSS OF GOOD-TIME CREDITS AND PUNITIVE DAMAGES**<br><br>(Doc. 1)<br><br>21-DAY DEADLINE |

  Plaintiff Kasey F. Hoffmann, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. section 1983. (Doc. 1 at 1.) Plaintiff alleges that the defendants denied him a kosher diet in violation of the First Amendment, issued a false rules violation report (RVR) in retaliation for his engagement in protected activity, and denied him the ability to present witnesses at his RVR hearing in violation of the Due Process Clause. (*Id.* at 3-5.) Plaintiff seeks compensatory damages for the loss of good-time credits and mental health injuries, punitive damages, and an injunction charging the defendants with violations of California Penal Code section 147. (*Id.* at 6.)

  For the reasons set forth below, the Court finds that Plaintiff's retaliation and due process claims are cognizable, but his religious freedom claim is not. The Court also finds that Plaintiff

may not seek damages for mental health injuries or the requested injunctive relief.

Plaintiff is therefore **ORDERED** to either file a first amended complaint curing the deficiencies in his pleading OR, in the alternative, notify the Court that he wishes to (1) proceed only on the claims found cognizable in this order and (2) seek only compensatory damages for the loss of good-time credits and punitive damages.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**II.    PLEADING REQUIREMENTS**

**A.  Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff's claims stem from an allegedly false rules violation report issued on December 20, 2017. (*See* Doc. 1 at 3, 4, 5.) Plaintiff alleges that, on December 19, 2017, he told Defendant-Correctional Officer L. Pulido that the meals CDCR serves are not kosher because they have "PIA" products, and that he had filed an "appeal in Sacramento addressing this issue." (*Id.* at 3.) Plaintiff has received kosher meals from CDCR since October 2009. (*Id.*) Plaintiff states that he

told Officer Pulido that he requires a kosher meal, and that, "[i]n an attempt to retaliate against [Plaintiff,] [Pulido] falsely accused [Plaintiff] of disrespecting him when [Plaintiff] was simply telling him [Plaintiff's] religious needs." (*Id.*) Plaintiff alleges that Pulido intentionally left out key facts and included false information in the RVR issued against Plaintiff in retaliation for Plaintiff's expressing his religious needs. (*Id.* at 4.)

On January 12, 2018, Defendant-Correctional Lieutenant C. Smith held a hearing on the RVR. (*Id.* at 5.) Plaintiff alleges that he requested the participation of three witnesses who were present during the December 19, 2017 incident and could corroborate his story. (*Id.*) Plaintiff states that Lieutenant Smith did not allow him to present witnesses, in violation of the Due Process Clause. (*Id.*) As a result of the RVR, Plaintiff lost 30 days of good-time credits. (*Id.*)

In Claim I, Plaintiff states that Defendants denied his right to the free exercise of religion. (*Id.* at 3.) In Claim II, Plaintiff checks the box for "[r]etaliation." (*Id.* at 4.) In Claim III, Plaintiff states that Defendants violated his due process rights. (*Id.* at 5.) For his alleged injuries, Plaintiff seeks compensatory damages, including for future medical needs; punitive damages; and an injunctive order charging the defendants with violation of California Penal Code section 147. (*Id.* at 6.)

**B. Claims for Relief**

1. Denial of Religious Freedom

    a. Free Exercise Clause of the First Amendment

Prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Inmates "retain protections afforded by the First Amendment, … including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id.* (internal quotation marks and citation omitted).

A plaintiff asserting a free exercise claim must show that the defendant's actions substantially burden her practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir.

2015). "A substantial burden … place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (internal quotation marks and citations omitted). "[A] prison policy that intentionally puts significant pressure on inmates … to abandon their religious beliefs ... imposes a substantial burden on [the inmate's] religious practice." *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (internal quotation marks and citation omitted).

Once a plaintiff establishes that state action substantially burdens her exercise of religion, "the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest." *Id.* In the prison context, the Supreme Court has held that alleged infringements of prisoners' free exercise rights are "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone*, 482 U.S. at 349 (citation omitted). The challenged conduct "is valid if it is reasonably related to legitimate penological interests." *Id.* (internal quotation marks and citation omitted). "[T]he availability of alternative means of practicing religion is a relevant consideration" for claims under the First Amendment. *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (citations omitted).

Plaintiff alleges that his free exercise rights were violated, but he fails to link either of the defendants to the violation. He states that CDCR's kosher meals contain non-kosher products, (Doc. 1 at 3), but he does not demonstrate how Correctional Officer Pulido or Correctional Lieutenant Smith are in any way responsible for the meals he receives. Since Plaintiff does not show a causal connection between his alleged religious deprivation and the defendants' actions, he fails to state a cognizable free exercise claim. *See Rizzo*, 423 U.S. at 373-75.

      b.   Religious Land Use and Institutionalized Persons Act

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act (RLUIPA). The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, … unless the government demonstrates that imposition of the burden on that person

… is in furtherance of a compelling governmental interest … and is the least restrictive means of furthering that … interest." 42 U.S.C.A. § 2000cc-1(a). "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013); 42 U.S.C. § 2000cc-5(7). As with the First Amendment, under RLUIPA, the government imposes a "substantial burden" on a prisoner when it puts "substantial pressure on [him] to modify his behavior and to violate his beliefs." *Hartmann*, 707 F.3d at 1125 (citation omitted).

RLUIPA is more protective of the First Amendment, in that the availability of alternative means of practicing religion is irrelevant to whether the Act has been violated. *See Holt*, 135 S. Ct. at 862. With RLUIPA, the "'substantial burden' inquiry asks whether the government has substantially burdened religious exercise…, not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Id.*

Once a plaintiff shows that government action has substantially burdened her exercise of religion, the burden shifts to the government to show that the challenged conduct furthers a compelling government interest and is the lease restrictive means of further that interest. *See id.* at 863. "The least-restrictive-means standard is exceptionally demanding…." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 728 (2014) (citation omitted). "[I]f a less restrictive means is available for the Government to achieve its goals, the Government must use it." *United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 815 (2000).

At the same time, in the prison context, "[c]ourts are expected to apply RLUIPA's standard with 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" *Hartmann*, 707 F.3d at 1124. (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005)).

As with his First Amendment claim, Plaintiff does not state a viable claim under RLUIPA, because he fails to show that the defendants caused the alleged religious burden. Plaintiff does not allege that Pulido or Smith had any control over the purportedly non-kosher meals he received.

///

### 2. Retaliation

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff alleges that Correctional Officer Pulido filed a false RVR because he expressed his religious concerns regarding non-kosher meals. (Doc. 1 at 4.) As explained above, free exercise of religion is protected conduct, as is the filing of inmate grievances. Thus, if Defendants issued the RVR and reduced Plaintiff's good-time credits because of this protected conduct, then they are liable under Section 1983. Plaintiff therefore states a cognizable retaliation claim.

### 3. Due Process Violation

The Fourteenth Amendment protects persons from deprivations of life, liberty, or property without due process of law. U.S. Const. amend. XIV. Protected liberty interests may arise both from the Constitution itself or from state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). "A state may create a liberty interest through statutes, prison regulations, and policies." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted).

When a protected liberty interest is implicated, the Due Process Clause provides certain procedural guarantees. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The amount of process or specific procedures required vary by context and the particular interest at

7

stake. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). When a protected interest is at stake, a prisoner charged with a disciplinary violation is entitled to (1) advance written notice of the charge, (2) an opportunity to present evidence and call witnesses, unless calling witnesses would interfere with institutional security, and (3) a written statement by the factfinder of the evidence relied upon and the reason(s) for the discipline. *Wolff v. McDonnell*, 418 U.S. 539, 564-570 (1974); *see also Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003). In addition, a disciplinary decision must be supported by "some evidence." *See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Plaintiff alleges that the RVR caused him to forfeit 30 days of good-time credits. California Penal Code section 2931 creates a constitutionally protected liberty interest in time credits. *Toussaint v. McCarthy*, 801 F.2d 1080, 1095 (9th Cir. 1986), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Thus, Defendants cannot deprive Plaintiff of credits received pursuant to section 2931 without due process. Plaintiff alleges that Lieutenant Smith denied his request to present witnesses at his RVR hearing without an explanation. (Doc. 1 at 5.) Since, absent legitimate security concerns, the ability to present witnesses is a requirement for disciplinary proceedings under *Wolff*, 418 U.S. at 566, Plaintiff states a cognizable due process claim.

**C. Requested Relief**

Plaintiff seeks compensatory damages in the amount of $200 per day for each day he has been deprived of good-time credits, as well as "medical for life for [exacerbation] of [his] mental health issues." (*Id.* at 6.) In addition, Plaintiff seeks punitive damages in the amount of $15,000, as well as an injunction "[t]o have L. Pulido and C. Smith charged … under Penal Code Section … 147." (*Id.*)

With respect to the requested mental-health damages, Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act…." 42 U.S.C. § 1997e(e). Since Plaintiff alleges neither physical injury nor a "sexual act," as defined by the statute, he cannot pursue

damages for mental or emotional injuries. In other words, Plaintiff may not seek "medical for life for … [his] mental health issues."

With respect to Plaintiff's requested injunctive relief, California Penal Code section 147 provides: "Every officer who is guilty of willful inhumanity or oppression toward any prisoner under his care or in his custody, is punishable by fine not exceeding four thousand dollars … and by removal from office." In general, criminal statutes do not give rise to private rights of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *see also Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 603 (2010) (California courts "begin with the premise that a violation of a state statute does not necessarily give rise to a private cause of action"). California Penal Code section 147 does not provide an exception. Thus, Plaintiff may not seek an injunction charging the defendants with a violation of this statute.

## IV. CONCLUSION AND ORDER

For the reasons provided above, **within 21 days**, Plaintiff may file a second amended complaint OR, in the alternative, notify the Court that he wishes to proceed solely on his retaliation and due process claims and solely on his requests for punitive damages and compensatory damages for loss of good-time credits. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension no later than **21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original and prior amendments, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with the opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint.

///

///

///

Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. **Within 21 days** from the date of service of this order, Plaintiff must file **one of the following three items**:
    a. a first amended complaint curing the deficiencies identified in this order,
    b. a notice that he does not wish to file a first amended complaint and instead wishes to proceed only on the claims found cognizable in this order, and to seek only compensatory damages for loss of good-time credits and punitive damages, or
    c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims be dismissed with prejudice.**

IT IS SO ORDERED.

Dated: **November 22, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE