UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>Plaintiff,<br><br>v.<br><br>L. PULIDO, et al.,<br><br>Defendants. | Case No. 1:18-cv-00209-AWI-SKO (PC)<br><br>**ORDER TO SHOW CASE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>21-DAY DEADLINE |

On November 22, 2019, the Court issued a screening order requiring Plaintiff to file a first amended complaint or, in the alternative, to file a notice that he wishes to proceed only on the claims found cognizable by the Court. (Doc. 27.) The Court granted Plaintiff until December 13, 2019, to comply with its order. (*See id.*) Although the deadline has passed, Plaintiff has failed to file an amended complaint or a notice, or to otherwise respond to the Court's order.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.,*

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** of the date of service of this order why this action should not be dismissed for failure to comply with the Court's screening order. Alternatively, within that same time, Plaintiff may file **one** of the following three documents: (1) a first amended complaint, (2) a notice that he wishes to proceed only on the claims found cognizable in the Court's screening order, (Doc. 27), and to seek only compensatory damages for the loss of good-time credits and punitive damages, **OR** (3) a notice of voluntary dismissal of this case.

IT IS SO ORDERED.

Dated: **December 31, 2019**                 /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE